UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| JESSICA ANN MARSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:17-cv-967 |
| | ) |
| COMMISSIONER OF | )   Honorable Robert J. Jonker |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## REPORT AND RECOMMENDATION

This is a social security action brought under 42 U.S.C. § 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to supplemental security income (SSI) benefits. On February 21, 2014, plaintiff filed her application for SSI benefits. She initially alleged an October 1, 2006, onset of disability, but later amended her claim to allege a February 21, 2014, onset. (ECF No. 8-5, PageID.189, 213). Plaintiff's claim was denied on initial review. (ECF No. 8-4, PageID.131-38). On May 12, 2016, plaintiff received a hearing before the ALJ. (ECF No. 8-2, PageID.69-108). On October 28, 2016, the ALJ issued her decision finding that plaintiff was not disabled. (Op., ECF No. 8-2, PageID.53-63). On September 8, 2017, the Appeals Council denied review (ECF No. 8-2, PageID.33-35), rendering the ALJ's decision the Commissioner's final decision.

Plaintiff timely filed a complaint seeking judicial review of the Commissioner's decision. Plaintiff argues that the Commissioner's decision should be overturned on the following grounds:

I. The ALJ erred in not considering whether plaintiff's impairments met or equaled Listing 12.07.

II. The ALJ erred in determining that work remained available to plaintiff under step five of the sequential evaluation process by assessing an inadequate RFC.

(Plf. Brief, 1, ECF No. 12, PageID.686). For the reasons set forth herein, I recommend that the Court affirm the Commissioner's decision.

## **Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The

findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73; *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion.").

## **The ALJ's Decision**

The ALJ found that plaintiff had not engaged in substantial gainful activity on or after February 21, 2014, the application date. (Op., 3, ECF No. 8-2, PageID.55). Plaintiff had the following severe impairments: "migraine headaches, carvernoma on her brain, left eye blindness, degenerative disc disease of the lumbar spine, cubital tunnel syndrome, left ankle osteoarthritis, adjustment disorder and somatic disorder." (*Id.*). Plaintiff did not have an impairment or combination of impairments that met or equaled a listing impairment. (*Id.* at 4, PageID.56). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a range of sedentary work with the following exceptions:

> no climbing ladders, ropes or scaffolds; only jobs with constant monocular vision; can never work around unprotected heights, dangerous moving mechanical parts; only occasional exposure to extreme cold, extreme heat and vibration; only occasional exposure to moderate level of noise; limited to simple routine tasks; frequent reaching in all directions; frequent handling and frequent fingering; only occasionally use the stairs; and the claimant may alternate between sitting and standing every 30 minutes without leaving her work station or being off task.

(*Id.* at 5, PageID.57).

The ALJ found that plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence of record. (*Id*. at 7, PageID.59). Plaintiff could not perform any past relevant work. (*Id*. at 9, PageID.61).

The ALJ considered the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age with her RFC, education, and work experience, the VE testified that there were approximately 65,500 jobs in the national economy that the hypothetical person would be capable of performing. (ECF No. 8-2, PageID.100-04). The ALJ found that this constituted a significant number of jobs and found that plaintiff was not disabled. (Op., 10-11, PageID.62-63).

## Discussion

### 1.

Plaintiff argues that the ALJ erred in not considering whether her impairments met or medically equaled Listing 12.07. (Plf. Brief, 10-17, ECF No. 12, PageID.695-702; Reply Brief, 1-4, ECF No. 14, PageID.723-26). Listing 12.07 addresses "Somatoform Disorders." 20 C.F.R., Part 404, Subpart P, App. 1, § 12.07. "Somatic symptom disorder (SSD formerly known as 'somatization disorder' or 'somatoform disorder') is a form of mental illness that causes one or more bodily symptoms, including pain." (WebMD, Somatic Symptom and Related Disorders, https://www.webmd.com/mental-health/somatoform-disorders-symptoms-types-treatment (last viewed Jan. 20, 2019)).

The Listing of Impairments "describes impairments the SSA considers to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." *Rabbers v. Commissioner*, 582 F.3d 647, 653 (6th Cir. 2009) (internal quotations omitted). "Because satisfying the listings yields an automatic determination of disability … the evidentiary standards [at step three] … are more strenuous than for claims that proceed through the entire five-step evaluation." *Peterson v. Commissioner*, 552 F. App'x 533, 539 (6th Cir. 2014). Plaintiff bears the burden of demonstrating that she meets or equals a listed impairment at the third step of the sequential evaluation. *Id.* An impairment that only meets some of the criteria does not satisfy plaintiff's burden. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

The ALJ found that plaintiff was not disabled at step three of the sequential analysis because she did not meet or equal the requirements of any listing impairment. (Op., 3-4, PageID.56-57). Plaintiff did not claim in her prehearing brief that she met or equaled the requirements of Listing 12.07 (*See* ECF No. 8-6, PageID.294-303), nor did she argue that issue during her administrative hearing (*See* ECF No. 8-2, PageID.69-108). It is against this backdrop that the Court addresses plaintiff's argument that the ALJ "erred in not considering" whether plaintiff met or equaled the requirements of Listing 12.07.

The ALJ is not required to address or discuss every listing. *Sheeks v. Commissioner*, 544 F. App'x 639, 641 (6th Cir. 2013). The ALJ should discuss the listing, however, where the record raises "a substantial question as to whether [the

claimant] could qualify as disabled" under a listing. *Abbott v. Sullivan*, 905 F.2d 918, 925 (6th Cir. 1990). "A claimant must do more than point to evidence on which the ALJ could have based h[er] finding to raise a substantial question as to whether [s]he has satisfied a listing." *Smith-Johnson v. Commissioner*, 579 F. App'x 426, 432 (6th Cir. 2014). "Rather, the claimant must point to specific evidence that demonstrates [s]he reasonably could meet or equal every requirement of the listing." *Id.*

Plaintiff presented very little evidence regarding her mental health care during the period at issue.[1] On August 21, 2014, George Ronan, Ph.D., performed a consultative psychiatric/psychological evaluation. Plaintiff was able to drive to this appointment on her own. She related a history of attending regular education classes at school. She reported that she was able to take care of most household chores, make change, and shop independently. (ECF No. 8-8, PageID.480-83). Dr. Ronan diagnosed a somatic symptom disorder and an adjustment disorder.[2] (*Id.* at PageID.483). Dr. Ronan opined that plaintiff was "able to understand, retain and follow simple instructions" and "could be expected to understand simple changes in the work environment." (*Id.* at PageID.483). The ALJ have great weight to Dr. Ronan's opinions "because they [were] consistent with the medical evidence of record.

---

[1] On January 11, 2013, more than a year before plaintiff's alleged onset of disability, she appeared at a hospital emergency room complaining of suicidal thoughts. She related that such episodes were "not a frequent occurrence." (ECF No. 8-7, PageID.373). Plaintiff was transferred by private automobile to Hadley Hospital where she stayed overnight and was discharged the next day. (*Id.* at PageID.426).

[2] Nothing in Dr. Ronan's evaluation suggests a listing-level impairment. The mere diagnosis of a condition says nothing about its severity or its impact on plaintiff's functional limitations. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988).

Namely that she [could] complete simple tasks and deal with simple workplace changes." (Op., 7, ECF No. 8-2, PageID.59).

On September 10, 2014, Matthew Rushlau, Ed.D., a state agency psychologist, reviewed plaintiff's records and completed a psychiatric review technique assessment and a mental functional capacity assessment. Dr. Rushlau found that plaintiff's mental impairments did not meet or equal the requirements of any listed impairment, including Listing 12.07 for somatoform disorders. (ECF No. 8-3, PageID.116-17, 121-22). Dr. Rushlau found that plaintiff did not meet or equal Part A of Listing 12.07 because she did not satisfy the diagnostic criteria. He found that plaintiff did not meet or equal the Part B severity requirements because she had only mild restriction in activities of daily living, mild difficulties in social functioning, moderate difficulties in concentration, persistence, or pace, and no episodes of decompensation. (*Id.* at PageID.117). The ALJ gave "great weight" to Dr. Rushlau's opinions because "they are consistent with the medical evidence of record." (Op., 8-9, PageID.60-61).

The version of Listing 12.07 in effect as of the date of the ALJ's decision required as follows:

> 12.07 *Somatoform Disorders*: Physical symptoms for which there are no demonstrable organic findings or known physiological mechanisms.
>
> The required level of severity for these disorders is met when the requirements in both A and B are satisfied.
>
> A. Medically documented by evidence of one of the following:
>
>> 1. A history of multiple physical symptoms of several years duration, beginning before age 30, that have caused the

> individual to take medicine frequently, see a physician often and alter life patterns significantly[3] . . .

AND

B. Resulting in at least two of the following:

> 1. Marked restriction of activities of daily living; or
>
> 2. Marked difficulties in maintaining social functioning; or
>
> 3. Marked difficulties in maintaining concentration, persistence, or pace; or
>
> 4. Repeated episodes of decompensation, each of extended duration.

20 C.F.R., Part 404, Subpart P, App. 1, § 12.07.

Plaintiff did not satisfy the requirements of Part A(1). It requires "medically documented" evidence of a history of multiple physical symptoms of several years duration, beginning before age thirty. Plaintiff presented no medical evidence from the period before she reached age thirty, which occurred in 2009. She concedes that "the earliest report included in the record was taken September 30, 2012." (Plf. Brief, 3, PageID.688).

Dr. Rushlau's opinion that plaintiff did not satisfy the Part A or B of Listing 12.07 provides substantial evidence supporting the ALJ's finding at step three of the sequential analysis. The ALJ was not required to discuss listing 12.07 because plaintiff offered no argument attempting to shoulder her burden of demonstrating that she met or equaled the requirements of that listing. *See Wilson v. Commissioner*,

---

[3] It is not necessary to address Part A's other subparts because plaintiff's argument is limited to a claim that she satisfied subpart one. (Plf. Brief, 12-13, ECF No. 12, PageID.697-98).

618 F. App'x 281, 286 (6th Cir. 2015).

Plaintiff has not presented a "substantial question" regarding Listing 12.07. Accordingly, any error here would be harmless. *See Forrest v. Commissioner*, 591 F. App'x 359, 366 (6th Cir. 2014) (finding harmless error when a claimant failed to demonstrate his impairments satisfied the requirements of a listed impairment). "Absent such a 'substantial question' as to every requirement of the listing, however, an Administrative Law Judge does not commit reversible error by failing to evaluate a listing at step three." *Smith-Johnson*, 579 F. App'x at 432. I find no basis for disturbing the Commissioner's decision.

**2**.

Plaintiff's second claim of error is that the ALJ "erred in determining that work remained available to Plaintiff under Step 5 of the sequential evaluation process by assessing an inadequate RFC." (Plf. Brief, 2, ECF No. 12, PageID.686). Plaintiff argues that the ALJ's RFC finding failed to adequately take into account her migraine headaches, monocular vision, and cubital tunnel syndrome. (*Id.* at 17-21, PageID.702-06).

RFC is an administrative finding of fact reserved to the Commissioner. 20 C.F.R. § 416.927(d); *see Mokbel-Aljahami v. Commissioner*, 732 F. App'x 395, 399-401 (6th Cir. 2018). While the RFC determination is made by the ALJ, an ALJ's RFC determination must be supported by substantial evidence. *Torres v. Commissioner*, 490 F. App'x 748, 754 (6th Cir. 2012).

Plaintiff argues that the ALJ's RFC finding did not "adequately account for [her] impairment of migraine headaches." (Plf. Brief, 18, PageID.703). The ALJ found that plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence of record. (Op., 7, PageID.59). Further, the ALJ took plaintiff's migraine headaches into account by limiting plaintiff's RFC to simple, routine tasks and only occasional exposure to a moderate noise level. *See Connell v. Commissioner*, No. 2:17-cv-82, 2018 WL 1250031, at *4 (S.D. Ohio Mar. 12, 2018); *Jones v. Commissioner*, No. 4:14-cv-14417, 2016 WL 759439, at *1 (E.D. Mich. Feb. 26, 2016).

The ALJ accounted for plaintiff's cubital tunnel syndrome. The RFC included limitations on exposure to vibration and restricted plaintiff to frequent handling and fingering. (Op., 5, PageID.57). No treating or examining physician indicated that plaintiff required more significant restrictions.

Plaintiff's argument that the ALJ "did not properly account" for her monocular vision does not provide a basis for disturbing the Commissioner's decision. The ALJ's RFC finding limited plaintiff to "only jobs with constant monocular vision." (Op., 5, PageID.57). The ALJ's hypothetical to the VE included that limitation and the VE's testimony in response provides substantial evidence supporting the ALJ's decision. *See Smith v. Halter*, 307 F.3d 377, 378 (6th Cir. 2001).

**Recommended Disposition**

For the reasons set forth herein, I recommend that the Court affirm the Commissioner's decision.

Dated: January 21, 2019   /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

**NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).