UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSICA ANN MARSH,

    Plaintiff,

v.

CASE NO. 1:17-CV-967

HON. ROBERT J. JONKER

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

# ORDER APPROVING AND ADOPTING
# REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 15) and Plaintiff's Objection to it (ECF No. 16). The Court has also reviewed the Commissioner's Response to Plaintiff's Objection. (ECF No. 17). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Magistrate Judge recommends affirming the Commissioner's decision on the basis that the ALJ's decision is supported by substantial evidence. The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's Objection to it. After its review, the Court finds that Magistrate Judge Green's Report and Recommendation is factually sound and legally correct and accordingly adopts its conclusion.

## PLAINTIFF'S OBJECTION

### 1. Listing 12.07

Plaintiff's first Objection argues the Magistrate Judge erred in finding the ALJ's step three decision is supported by substantial evidence. Specifically, Plaintiff claims it was "reversible, harmful error for the ALJ not to consider Plaintiff's impairments under Listing 12.07." (ECF No. 16, PageID.742).

There are quite literally dozens of listed impairments. Accordingly, an ALJ does not need to discuss listings that plainly do not apply to an applicant. This is especially true where, as here (and as the Magistrate Judge observed), an applicant represented by counsel fails to argue to the ALJ that he or she meets the listing. *See Wilson v. Comm'r of Soc. Sec.*, 616 F. App'x 281, 286 (6th Cir. 2015) (noting that an ALJ typically is not obligated to specifically address a listing that is not raised by counsel and for which no evidence is offered. *Wilson v. Comm'r of Soc. Sec.*, 616 F. App'x 281, 286 (6th Cir. 2015). But, where "the record 'raise[s] a substantial question as to whether [the claimant] could qualify as disabled' under a listing, the ALJ should discuss that listing." *Sheeks v. Comm'r of Soc. Sec. Admin.*, 544 F. App'x 639, 641 (6th Cir. 2013) (quoting *Abbott v. Sullivan*, 905 F.2d 918, 925 (6th Cir. 1990). The Court discerns no substantial question here.

In order to meet Listing 12.07, which pertains to somatoform disorder, a claimant must satisfy both subsections A and B of the listing that, at the time Plaintiff applied for benefits, provided as follows:

> 12.07 *Somatoform Disorders*: Physical symptoms for which there are no demonstrable organic findings or known physiological mechanisms.
>
> > The required level of severity for these disorders is met when the requirements in both A and B are satisfied
>
> A. Medically documented by evidence of one of the following:
>
> > 1. A history of multiple physical symptoms of several years duration, beginning before age 30, that have caused the individual to take medicine frequently, see a physician often and alter life patterns significantly
>
> > ***[1]
>
> AND
>
> B. Resulting in at least two of the following:
>
> > 1. Marked restriction of activities of daily living; or
> > 2. Marked difficulties in maintaining social functioning; or
> > 3. Marked difficulties in maintaining concentration, persistence, or pace; or
> > 4. Repeated episodes of decompensation, each of extended duration.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.07.[2]

---

[1] Paragraph A's other subparts are omitted as Plaintiff has not argued she meets any of the other subparts.

[2] Plaintiff's objections contain language relating to the finding of medical equivalence (ECF No. 16, PageID.740-741) which was briefly touched on earlier in the briefing. (ECF No. 14, PageID.726). Plaintiff appears to be raising this argument as a fall-back argument, arguing in effect that if she did not meet the listing, then her impairments were such that the ALJ should have at least considered whether they equaled the listing. Plaintiff cannot succeed for two reasons. First, Plaintiff's argument on equivalence is entirely perfunctory. *See McPherson v. Kelley*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."). Second, "[w]hen a claimant alleges that [s]he meets or equals a listed impairment, [s]he must present specific medical findings that satisfy the various tests listed in the description of the applicable

Plaintiff cannot raise a substantial question that she meets Subsection A(1) because she has presented no medical evidence of multiple physical symptoms of several years duration beginning before age thirty. She concedes, in fact, that the earlier medical report was September 30, 2012–a date that occurred when Plaintiff was already over thirty-years of age. (ECF No. 12, PageID.688). The Court does not doubt that Plaintiff's impairments are presently having an effect on her ability to carry out her day-to-day activities. The Court does not see, however, the type of medical documentation in the record necessary to show that these impairments were present before the age of thirty. Accordingly, the Court discerns no substantial question as to whether Plaintiff meets or equals listing 12.07.

Finally, Plaintiff argues that Dr. Rushlau's opinion that Plaintiff did not satisfy Part A or B of Listing 12.07 (ECF No. 117) cannot constitute substantial evidence in support of the Commissioner's decision because Dr. Rushlau is a non-examining source. No treating physician opined that Plaintiff met or equaled Listing 12.07. And, contrary to Plaintiff's assertion, the ALJ was free to consider the non-examining physician's opinions and determine what weight, if any, they should be given. "Social Security regulations recognize that opinions from non-examining state agency consultants may be entitled to significant weight, because these individuals are 'highly qualified' and are 'experts in Social Security disability evaluation.'" *Cobb v. Comm'r of Soc. Sec.*, No. 1:12–cv–2219, 2013 WL 5467172, at *5 (N.D. Ohio Sept.30, 2013) (quoting 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i)); *see Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). Indeed, "in appropriate circumstances, opinions from State agency medical and psychological

---

impairment or present medical evidence which describes how the impairment has such equivalency." *Thacker v. Soc. Sec. Admin.*, 93 F. App'x 725, 728 (6th Cir. 2004). Plaintiff has not come close to meeting this burden.

consultants . . . may be entitled to greater weight than the opinions of treating or examining sources." *Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 642 (6th Cir. 2013).

Accordingly, Plaintiff's first Objection is overruled.

2. **RFC**

Plaintiff's second and final objection is that the Magistrate Judge erred in finding that the Commissioner's RFC determination was supported by substantial evidence. (ECF No. 742). The Court disagrees.

Plaintiff argues that the RFC fails to account for Plaintiff's sensitivity to sound and light that, she says, act as a trigger for her migraines. Plaintiff contends that the sensitivity is "credibly and clearly documented" (ECF No. 16, PageID.743). At points, examining physicians documented Plaintiff's complaints that her migraines were aggravated by bright light, food, and loud noise (ECF No. 8-8, PageID.557 & 610). But no physician, examining or otherwise, opined that Plaintiff needed to avoid exposure to light and all noise. In developing Plaintiff's RFC, the ALJ gave great weight to the Disability Determination Services physician, Dr. Venema who reviewed the record and developed an RFC that did not include any environmental limitations for exposure to light and concluded that Plaintiff should avoid concentrated exposure to noise. (ECF No. 120-121). Dr. Venema's conclusion provides substantial evidence in support of the ALJ's RFC determination. While Plaintiff might disagree with the ALJ's decision to assign that opinion great weight, and assign lesser weight to Plaintiff's allegations from the hearing, this is not a proper basis for relief. *See, e.g., Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x. 411, 414 (6th Cir., Apr. 1, 2011) (the court "reviews the entire administrative record, but does not reconsider facts, re-weigh the evidence, resolve conflicts in the evidence, decide questions of credibility, or substitute its judgment for that of the ALJ").

Accordingly, Plaintiff's second Objection is overruled.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 15) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **AFFIRMED.**

A separate Judgment shall issue.


Dated:     February 19, 2019            /s/ Robert J. Jonker
                                                        ROBERT J. JONKER
                                                        CHIEF UNITED STATES DISTRICT JUDGE